IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Corey Isaac Beard, | ) | Case No. 1:21-cv-01394-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kayla Pugh, Sara Ledbetter, Dr. Williams | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On November 2, 2021, Defendants filed a Motion for Summary Judgment. ECF No. 22. On November 3, 2021, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 23. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On December 10, 2021, the Magistrate Judge directed Plaintiff to inform the Court whether he wished to pursue his claims and to respond to the motion

by December 24, 2021.[1]  ECF No. 25.  The Magistrate Judge again warned Plaintiff that failing to respond could subject his claims to dismissal with prejudice.  Plaintiff has not filed any document in response to the motion or indicated that he intends to proceed with this action.

On January 3, 2022, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  ECF No. 27.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  He did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo*

---

[1] The undersigned notes that the Clerk's Office was closed on December 24, 2021. Accordingly, Plaintiff's response was due by December 27, 2021.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 15, 2022
Spartanburg, South Carolina

---

[2] The Motion for Summary Judgment [22] is found as **MOOT**.